IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| CATHEY TURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-CV-06067-SJ-DGK |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO REMAND

This case arises from Plaintiff's allegation that she slipped and fell at a Walmart in Kansas City, Missouri due to the store's negligence. Now pending before the Court is Plaintiff's Motion to Remand (Doc. 7) and Defendant's Opposition (Doc. 9). Plaintiff argues that Defendant's removal of this action pursuant to the Court's diversity jurisdiction is inappropriate because the amount in dispute does not exceed $75,000. Having fully reviewed the parties' arguments, Plaintiffs' Motion to Remand is GRANTED.

**Background**

Plaintiff initially filed this action on October 27, 2009 ("the Original Action"). On August 17, 2010, Plaintiff dismissed her counsel in this case and proceeded *pro se* until February 2011. During that time, the parties conducted limited pretrial discovery. On February 24, 2011, Plaintiff's current counsel, Mr. James Thompson, entered his appearance on behalf of Plaintiff, and Plaintiff voluntarily dismissed the Original Action without prejudice on March 7, 2011. Plaintiff refiled the present suit on June 7, 2012, represented by counsel Mr. James Thompson.

**Standard**

A defendant may remove an action where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction is on the party seeking removal. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). All doubts are resolved in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

To invoke original diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Jurisdiction is determined based upon the allegations set forth in the complaint at the time the petition for removal is filed. *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969). Where the amount in controversy requirement is in dispute, the removing party bears the burden of establishing the jurisdictional facts by a preponderance of the evidence. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

**Discussion**

Here complete diversity of citizenship is uncontroverted. The parties, however, dispute whether the amount in controversy requirement is satisfied.

The amount a plaintiff seeks in damages is usually determinative of the amount in dispute, although it is not necessarily dispositive. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *Corlew v. Denny's Rest., Inc.*, 983 F. Supp. 878, 880 (E.D. Mo. 1997) (observing that a court "is not free to disbelieve plaintiff's valuation of her case").

In the present case, despite Defendant's erroneous assertion to the contrary, Plaintiff's complaint does not explicitly seek recovery in excess of $75,000. In fact, Plaintiff's petition does not specify any amount in controversy. Thus, the Court must look to other factors to determine whether Defendant can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

In its notice of removal, Defendant argues that "based upon information and belief, more than $75,000 is actually in controversy." To support this contention, Defendant relies on the following evidence: (1) Plaintiff's petition in the Original Action asserted damages in excess of $50,000; (2) in response to discovery requests in the Original Action, Plaintiff produced an allegedly incomplete list of medical damages totaling $21,899.11 and claiming damages of $40,000 to $50,000 for future lumbar surgery; (3) Plaintiff sent a settlement demand in the Original Action requesting $250,000 in damages. Furthermore, Defendant cites to multiple slip and fall cases in Clay County, Missouri awarding damages in excess of $75,000.

Based on this information, the Court finds that Defendant has failed to meet its burden of proving damages in excess of $75,000 by a preponderance of the evidence. First, Plaintiff's petition and discovery responses in the Original Action seeking $50,000 in damages and claiming medical bills totaling up to $71,899.11, do not establish that Plaintiff seeks damages *in excess* of $75,000.

Second, the Court gives little weight to Plaintiff's prior request for settlement in the amount of $250,000. This settlement request was made at a time when Plaintiff, an individual with a tenth grade education and no legal training, was proceeding *pro so*. Additionally, a settlement letter is only one factor for a court to consider in assessing the amount in controversy requirement, and this factor must be considered in the context in which it was made. *Vermande*

*v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 202-03 (D. Conn. 2004) ("A settlement offer should not necessarily be determinative of the amount in controversy."); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D. N.C. 1996) ("In trying to settle a claim, counsel naturally will try to inflate its value. Such 'puffing' cannot be taken as evidence of the amount in controversy.").

Finally, Defendant's citation to recovery in cases in Clay County have no bearing on the present action which was filed in Platte County, Missouri. As Plaintiff notes, Defendant has failed to provide one slip and fall case in Platte County which resulted in a verdict exceeding $75,000. Rather, Plaintiff contends that the highest slip and fall recovery in Platte in the last ten years was $1,092.06. *LaPlant v. Hyvee, Inc*., Case No. 06ECV020506. Furthermore, the Court must consider the amount in controversy, not the amount actually recovered.

Because Defendant has failed to establish by a preponderance of the evidence that the amount in controversy is in excess of $75,000, the case must be remanded. Accordingly, Plaintiffs' Motion to Remand (Doc. 7) is GRANTED.

**IT IS SO ORDERED**

Date:   October 30, 2012                    /s/ Greg Kays
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT

4